IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GREGORY J. PHILLIPS,   OPINION and ORDER

              Petitioner,                                     10-cv-439-bbc

   v.

CAROL HOLINKA, Warden,
Oxford Federal Correctional Institution,

              Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On February 3, 2012, the Court of Appeals for the Seventh Circuit vacated this court's judgment denying petitioner Gregory Phillips's petition for a writ of habeas corpus under 28 U.S.C. § 2241 and remanded for further proceedings in light of the court of appeals' recent opinion in Narvaez v. United States, —F.3d—, 2011 WL 6382106 (7th Cir. 2011). After reviewing the decision in Narvaez and petitioner's unopposed motion to grant his habeas petition, I conclude that petitioner has shown that his sentence is unlawful and violates the laws of the United States because it was enhanced on the basis of a felony no longer considered violent under the career offender provision. Therefore, I am granting the petition, vacating petitioner's sentence and setting a date for resentencing.

BACKGROUND

In 2003, petitioner Gregory Phillips pleaded guilty in this court to one count of conspiracy and one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841 and 846. United States v. Phillips, 03-cr-40-bbc-01. He was found to be a career offender under U.S.S.G. § 4B1.1, because he had two prior felony convictions for crimes of violence, one of which was a conviction under Wisconsin law for first degree reckless endangerment. Wis. Stat. § 941.30(1). This court found petitioner's guidelines range to be 262 to 327 months and sentenced him to 262 months. Without the enhancement, petitioner's guideline range would have been 188 to 235 months.

On August 6, 2010, petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, contending that his sentence was enhanced unlawfully because the Supreme Court's decision in Begay v. United States, 553 U.S. 137 (2008), and subsequent appellate decisions made it clear that reckless endangerment is not a "crime of violence" within the meaning of § 4B1.1. Although I agreed with petitioner that reckless endangerment was no longer considered a crime of violence, I denied the petition, concluding that petitioner's claim could not be brought under § 2241 because his claim did not satisfy the mandates of § 2255's so-called "savings clause." Under the savings clause, a prisoner can use § 2241 only if he can show that "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); Kramer v. Olson, 347 F.3d 214, 217

2

(7th Cir. 2003) (per curiam).

To satisfy the savings clause, petitioner had to show that (1) that he was barred under § 2255(h) from raising his claim in a second or successive § 2255 motion; (2) his petition was based on a rule of law not yet established at the time he filed his first § 2255 motion and that the law has retroactive effect on collateral review; and (3) there was a fundamental defect in his sentence that would lead to a complete miscarriage of justice if not corrected. In re Davenport, 147 F.3d 605, 610-11 (7th Cir. 1998). See also Reed v. Farley, 512 U.S. 339 (1994) (habeas review is available to check violations of federal laws when error "qualifies as 'a fundamental defect which inherently results in a complete miscarriage of justice'") (citing Hill v. United States, 368 U.S. 424, 428 (1962)); Cooper v. United States, 199 F.3d 898, 901 (7th Cir. 1999). Petitioner's claim satisfied the first two requirements of the savings clause because the court of appeals has held that Begay applies retroactively on collateral review, Welch v. United States, 604 F.3d 408, 415 (7th Cir. 2010), and petitioner was barred from raising his claims in a successive § 2255 petition. However, I concluded that petitioner had not shown a fundamental defect in his sentence.

I acknowledged that there may be some situations in which a prisoner may challenge his sentence under § 2241. However, I noted that the Court of Appeals for the Seventh Circuit had concluded in previous cases that claims based merely on erroneous application of the sentencing guidelines are not fundamental defects that would result in a miscarriage

3

of justice if not corrected. Unthank v. Jett, 549 F.3d 534, 535 (7th Cir. 2008) (holding that prisoner may not bring claim under § 2241 contending merely that his sentence is too high under sentencing guidelines); see also Taylor v. Gilkey, 314 F.3d 832, 835-36 (7th Cir. 2002) (holding that claim involving erroneous application of guidelines did not present defect cognizable under § 2241).

Petitioner appealed the denial of his petition. While the appeal was pending, the Court of Appeals for the Seventh Circuit issued a revised opinion in Narvaez v. United States, —F.3d—, 2011 WL 6382106 (7th Cir. 2011), holding that a misapplication of the mandatory career offender guidelines presents a fundamental miscarriage of justice meriting relief under § 2255. After the opinion in Narvaez, the parties in this case filed a joint position statement in the court of appeals asking that court to remand the petition to this court for consideration in light of Narvaez. On February 3, 2012, the court of appeals vacated this court's decision denying petitioner's habeas petition and remanded for further proceedings in light of Narvaez.

OPINION

In Narvaez, 2011 WL 6382106, at *4, the court of appeals explained that although "sentencing errors are generally not cognizable on collateral review," there is a "special and very narrow exception" for cases in which a "postconviction clarification in the law has

4

rendered the sentencing court's decision unlawful." Id. This includes cases in which "a post-conviction Supreme Court ruling ma[kes] clear that [petitioner] was not eligible for the categorization of violent offender wrongfully imposed upon him." Id. The court explained that even though Narvaez's sentence fell below the applicable statutory maximum for his crime, a fundamental miscarriage of justice occurred because "[t]he imposition of the career offender status branded Mr. Narvaez as a malefactor deserving of far greater punishment than that usually meted out for an otherwise similarly situated individual who had committed the same offense." Id. at *5. Thus, "[t]o classify Mr. Narvaez as belonging to this group [of career offenders] and therefore to increase, dramatically, the point of departure for his sentence is certainly as serious as the most grievous misinformation that has been the basis for granting habeas relief." Id. at *5.

Although Narvaez was a case brought under 28 U.S.C. § 2255, the court of appeals' reasoning applies directly to petitioner's case. This court dismissed petitioner's petition because it did not "present[] a claim that his sentence involves an inherent miscarriage of justice." Dkt. #11 at 6. However in Narvaez, the court of appeals determined that misapplication of the career offender enhancement is a miscarriage of justice that "goes to the fundamental legality of [petitioner's] sentence." Narvaez, 2011 WL 6382106, at *6.

In sum, petitioner has shown that his claim satisfies the requirements of the savings clause in § 2255(e) and may be brought under § 2241. Additionally, petitioner has shown

5

that because reckless endangerment is not a "crime of violence" within the meaning of § 4B1.1, he should not have been sentenced as a career offender. Accordingly, I am granting petitioner's petition for a writ of habeas corpus and vacating his sentence for resentencing without the career offender enhancement.

ORDER

IT IS ORDERED that petitioner Gregory Phillips's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is GRANTED. Petitioner's sentence in 03-cr-40-bbc-01 is VACATED for resentencing.

Entered this 26th day of April, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge